IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DARRELL BURDITT, § | |
| § | |
| *Pro Se* Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-13-0532 |
| § | |
| UNITED STATES STEEL CORPORATION, § | |
| § | |
| Defendant. § | |

OPINION AND ORDER OF DISMISSAL

Pending before the Court in the above referenced cause, alleging racial discrimination in employment, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* and 42 U.S.C. § 1981, and unfair labor practice under 29 U.S.C. § 186, is Defendant United States Steel Corporation's motion to dismiss (instrument #7) on the following grounds: (1) insufficient process and/or insufficient service of process under Federal Rules of Civil Procedure 12(b)(4) and (5); (2) failure to state a discrimination claim under Rule 12(b)(6); and (3) lack of jurisdiction under Rule 12(b)(2) over *pro se* Plaintiff Darrell Burditt's National Labor Relations Act claim, 29 U.S.C. § 168, because as a matter of law he cannot maintain a private cause of action for damages.

**Insufficient Process or Service of Process**

Federal Rule of Civil Procedure 12(b)(2) allows a court to dismiss an action when it lacks personal jurisdiction over the

defendant.  In ruling on a Rule 12(b)(2) motion, the Court may review "affidavits, interrogatories, depositions, oral testimony or any combination of the recognized methods of discovery." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). When a defendant challenges the assertion of personal jurisdiction over him, the plaintiff  "seeking to invoke the power of the court bears the burden of proving that jurisdiction exists."  *Luv N' Care Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006), *citing Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982).  At the pretrial stage of litigation, if the district court does not conduct a hearing on personal jurisdiction, the plaintiff does not have to demonstrate jurisdiction by a preponderance of the evidence, but needs only to make a *prima facie* showing.  *Luv N' Care*, 438 F.3d at 469; *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.), *cert. denied*, 513 U.S. 930 (1994); *Felch v. Transportes Lar-Mex S.A. DE CV,* 92 F.3d 320, 325 (5th Cir. 1996); *Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).  Rule 12(b)(5) allows a defendant to move for dismissal of a plaintiff's claims based on insufficient service of process.

Federal Rule 4(b) sets out the procedure for service that must be  satisfied  if  the  district  court  is  to  obtain  personal jurisdiction over a defendant.  *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996)("The failure of a plaintiff to obtain valid process from the court to provide it with personal

jurisdiction over the defendant in a civil case is fatal to the plaintiff's case."). Because without proper service the court lacks personal jurisdiction over the defendant, strict compliance with the requirements in Rule 4 is mandatory. *Goodwin v. Housing Authority of New Orleans*, No. Civ. A. 11-1397, 2013 WL 3874907, at *13 (E.D. La. July 25, 2013), *citing Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999). If a plaintiff fails to comply with the rule, the defendant may move to dismiss the complaint or quash the service under Federal Rules of Civil Procedure 12(b)(4) and (5). The party challenging sufficiency of process or the method of service lies with the party raising the challenge. *Holly v. Metropolitan Transit Auth.*, 213 Fed. Appx. 343, 344 (5th Cir. Jan. 11, 2007). 2 *Moore's Federal Practice* § 12.33[1] (3d ed. 2012). The movant must be specific about the manner in which the plaintiff has failed to satisfy the summons or service requirements. *Moore's, id.* Actual notice does not cure a defectively executed service. *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988)("The defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements."); *Schnabel v. Wells*, 922 F.2d 726, 728 (11th Cir. 1991)(and cases cited therein)("The defendant's actual notice of the lawsuit does not eliminate" the requirement that "plaintiff must effect personal service."). Rule 4(m) provides, "If a defendant is not served within 120 days after the complaint is

filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." While *pro se* litigants are given more leniency than litigants represented to attorneys to correct defects, "[n]onetheless, when the failure of effective service may be ascribed to the plaintiff's 'dilatoriness or fault' or 'inaction,' the case may be properly dismissed."  *Holly*, 213 Fed. Appx. at 344-45, *citing Rochon v. Dawson*, 828 F.2d 1107, 1109-10 (5th Cir. 1987).

Defendant's motion to dismiss contends that there has not been proper service nor a waiver of service here, so the complaint should be dismissed under Rules 12(b)(2),(4), and (5).

Supported by Declarations from Security Officer for Bellville Tubular Operations Colton Garlin (#7-1) and Area Manager at the Bellville Tubular Operations Stephen N. Herndon (#7-2), Defendant first explains that in the summons Burditt names United States Steel Corporation as the Defendant, but in the Complaint he identifies United States Steel Corporation Bellville Tubular Division as that party.  Under Rule 4(b) a summons must be issued for each defendant to be served.  As evidenced by Herndon's declaration, United States Steel Corporation is a separate entity from Bellville Tubular Operations, which is a tubular facility of U.S. Steel Tubular Products, Inc., a wholly owned subsidiary of United States Steel Corporation.  Rule 4(b) requires that a summons

-4-

be issued for each defendant to be served.  Plaintiff attempted to serve U.S. Steel Tubular Products, Inc. with process naming United States Steel Corporation, and thus, urges Defendant, dismissal is appropriate under Rule 4(b) .

Defendant further objects under Rule 12(b)(5) that Plaintiff has not satisfied any of the specific requirements for serving a corporation under Rule 4(h).  Defendant explains carefully that Rule 4(h)(1) states in relevant part that a domestic corporation like Defendant must be served

> (1) in a judicial district of the United States:
>
> > (A) in the manner prescribed by Rule 4(e)(1)[1] for serving an individual; or
> > (B) by delivering a copy of the summons and of the complaint *to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process* and-if the agent is one authorized by statute and the statute so requires-also by mailing a copy of each to the defendant . . . . [emphasis added]"

Furthermore Texas law permits service to the corporation's "president, vice president, or registered agent" or on the secretary of state if "the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity."  Tex. Bus. Orgs. Code Ann. §§ 5.201, 5251(1), 5.255(1). Here Defendant instructs Plaintiff that the applicable corporation

---

[1] Rule 4(e)(1) recites, "by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . "

defendant is U.S. Steel Tubular, Inc., and that it may be served pursuant to either Rule 4(h)(1)(B) or Texas law.

Defendant submits Security Officer Cotton Garlin's Declaration (#7-1), which states that Garlin is employed by U.S. Security, a contractor that provides security services at the Bellville Tubular Operations on 141 Miller Road in Bellville, Texas 77418. Garlin declares that he is not an officer, managing or general agent, or other agent authorized by law to receive service of process for U.S. Steel Tubular Products, Inc., Bellville Tubular Operations, or United States Steel Corporation. He asserts the purpose of his Declaration is "to describe how a copy of Darrell Burditt's lawsuit was delivered to Belleville Tubular Operations." He declares that on June 15, 2012 "an unidentified person arrived at the Security Booth of Bellville Tubular Operations, handed Garlin an unmarked/unaddressed envelope, and stated that the envelope was for Plant Manager Stephen Herndon." Garlin recites that he called Herndon to tell him that the envelop was at the security gate and that Herndon picked it up when he left work that day. On or about June 28, 2012 he learned from America Caballero, an Employee Services Representative at Bellville Tubular Operations, that the envelope contained a copy of Plaintiff's lawsuit.

While the last statement is hearsay, Defendant also submits a Declaration of Stephen N. Herndon, Area Manager of Bellville Tubular Operations, who explains that he retrieved the unmarked

envelope from the Security Booth when he left work on June 25, 2013.  He did not open it until June 28, 2013, when he saw that it contained a summons to United States Steel Corporation and a complaint filed by Burditt against United States Steel Corporation Bellville Tubular Division with a copy of the summons attached, but with no form requesting waiver of service of summons.  Herndon further makes clear that "Burditt was not an employee of the United States Steel Corporation," but worked for U.S. Steel Tubular products, a wholly owned subsidiary of United States Steel Corporation," and that "[h]e worked at Bellville Tubular Operations, which is a tubular facility of U.S. Steel Tubular Products, Inc."  He declares that "United States Steel Corporation is a separate legal entity from Bellville Tubular Operations and U.S. Steel Tubular Products."

Plaintiff filed this case on February 27, 2013.  A key factor here, Defendant filed its motion to dismiss on July 17, 2013, giving detailed notice to Plaintiff of insufficient process and service of process.  As noted in the Court's summary, Defendant was very specific about the deficiencies in the process and in the service of process and what was required to effect proper service or face dismissal for lack of personal jurisdiction over Defendant.

In response, on July 30, 2013 Plaintiff, blaming the error in service on the negligence of his carrier/process server Alfred Wayne McNeese, moved for an extension of time to serve Defendant

based on excusable neglect (#10).  Plaintiff's motion first argued that Defendant had actual notice of his suit (an irrelevant argument legally, as noted), that the errors were harmless, that the differences among various entities distinguished by Plaintiff should be disregarded by the Court because under agency law an employer is liable for the acts of its agent, and that the various entities are the same for the purpose of Title VII.  Nevertheless he alternatively requests an extension of time to serve Defendant in case the Court disagrees.   By an order dated August 22, 2013 (#15) this Court granted Plaintiff twenty days to effect service properly on Defendant's attorney.  Nevertheless he never served Defendant's counsel with the required documents and failed to comply with the Court's order.

Plaintiff's response to the motion to dismiss is somewhat incoherent, rambling, and meritless, as he makes such frivolous arguments as that Defendant subjected itself to the Court's jurisdiction by filing the motion to dismiss.

In its reply (#23) Defendant requests dismissal of lack of personal jurisdiction for all the reasons it has put forth.

Based on the law recited above and the Court's concurrence with Defendant's motion to dismiss for ineffective service of process, the Court does not reach the merits of Plaintiff's claims.  Instead  the Court

ORDERS that Defendant's motion to dismiss is GRANTED and this case is DISMISSED without prejudice for lack of personal

jurisdiction based on insufficient service of process.

**SIGNED** at Houston, Texas, this 21st day of February, 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE